IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alrecka Eugene McDougald, ) | C/A No. 0:15-3988-BHH-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Warden Meeks, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Alrecka Eugene McDougald, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Williamsburg, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner alleges a sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA") and seeks relief under Johnson v. United States, 135 S. Ct. 2551 (2015) (finding the residual clause of ACCA unconstitutionally vague). (ECF No. 1 at 2.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction.

**I.     Factual and Procedural Background**

Petitioner indicates that, subsequent to a guilty plea entered on May 8, 2007 to violation of 18 U.S.C. §§ 922(g)(1) and 924(e), he was sentenced to 210 months' imprisonment on August 27, 2007 in "case #1:07CR110-1." (ECF No. 1 at 1; see also United States v. McDougald, C/A No.

1:07-cr-00110-TDS-1 (M.D.N.C. Aug. 27, 2007) (judgment entered as ECF No. 12)).[1]  Petitioner further alleges that he was "classified as an armed career criminal under U.S.S.G. 4B1.4" based on prior convictions in the "Durham County Superior Court" for "felony robbery with a dangerous weapon and felony speeding to elude arrest." (ECF No. 1 at 1.)

Petitioner indicates that he filed a *pro se* motion on October 27, 2008 for reduction of his sentence and a motion under 28 U.S.C. § 2255 on June 17, 2010 to vacate, set, aside, or correct his sentence and the sentencing court denied both motions. (Id. at 1-2; see also United States v. McDougald, 441 F. App'x 971 (4th Cir. 2011) (dismissing Petitioner's appeal of the sentencing court's denial of relief under § 2255); McDougald, C/A No. 1:07-cr-00110-TDS-1 at ECF Nos. 13, 17, 25, 39)).  Petitioner's criminal case also reflects the filing of a second § 2255 motion on July 9, 2012 alleging an entitlement to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which the sentencing court stayed on June 25, 2014 pending resolution of jurisdictional issues raised in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015).  See McDougald, C/A No. 1:07-cr-00110-TDS-1 at ECF Nos. 48 & 60.  Petitioner's second § 2255 motion remains pending in the sentencing court at this time.

---

[1] See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may "properly take judicial notice of matters of public record"); Gasner v. Cty. of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, even when the documents are neither referenced by nor integral to plaintiff's complaint).



**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the

PJG

'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting Rice, 617 F.3d at 807)).[3]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Surratt, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual

---

[3] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. (ECF No. 1 at 2.) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252 (same). Further, as indicated previously, Petitioner has a § 2255 motion currently pending in the sentencing court. See McDougald, C/A No. 1:07-cr-00110-TDS-1 at ECF Nos. 48 & 60.



innocence " 'means factual innocence, not mere legal insufficiency.' " Surratt, 797 F.3d at 250 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

Further, "[b]efore a second or successive application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Additionally, the AEDPA contains a one-year statute of limitations.[4]

In this case, Petitioner claims that his prior offenses no longer qualify as predicates for purposes of sentence enhancement under United States v. Davis, 720 F.3d 215 (4th Cir. 2013) (holding that a consolidated sentence under North Carolina law for separate robberies was a single sentence for purposes of sentence enhancement under the sentencing guidelines), because such "convictions were consolidated." (ECF No. 1 at 3-4.) Petitioner further claims that his sentence is

---

[4] Section 2255 contains a one-year limitations period, which runs "from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f)(1)-(4). The court observes that the opinion in Johnson was issued on June 26, 2015.



unconstitutional in light of Johnson. (Id. at 2.) However, Petitioner provides no factual allegations to plausibly suggest that Davis and Johnson decriminalized the conduct for which Petitioner was convicted, or that such conduct has been deemed non-criminal by any substantive law change since his first § 2255 motion.[5] See Swanson-El v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."). Petitioner's argument regarding his predicate offenses "constitutes the sort of argument about 'legal classification' that [the Fourth Circuit has] deemed insufficient" to trigger relief under the savings clause. Surratt, 797 F.3d at 250. As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241, this court lacks jurisdiction to consider the Petition in this case. Surratt, 797 F.3d at 268; see also Brown v. Butler, C/A No. 15-CV-88-HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) ("Since Johnson was rendered four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a Johnson claim.") (collecting cases).[6]

---

[5] To the extent Petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as a basis for relief in this action, the court notes that Simmons also failed to render the conduct for which Petitioner was convicted non-criminal. See Surratt, 797 F.3d at 246 (affirming district court's conclusion that a petitioner could not challenge his sentence and obtain relief under § 2241 where he "could not establish that Simmons rendered any of his conduct 'noncriminal' ").

[6] Johnson has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the Johnson rule may be retroactively applied. Compare Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) (yes), with In re Gieswein, No. 15-6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (no); In re Rivero, 797 F.3d 986 (11th Cir. 2015) (no). Accordingly, addressing the merits of a Johnson claim under § 2241 would be premature in any event. Further, to the extent Petitioner asserts that § 2241 relief should be available to challenge a sentence imposed above the statutory maximum (ECF No. 1 at 2-3), the court notes that the Fourth Circuit specifically declined to decide that issue in Surratt and did not overrule Fourth Circuit precedent holding that petitioners cannot use the savings clause to challenge their sentences. Surratt, 797 F.3d at 269; cf. Poole, 531 F.3d at 267 n.7.



## II.     Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 9, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).