IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alrecka Eugene McDougald, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden Meeks, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 0:15-3988-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Petitioner Alrecka Eugene McDougald's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding that the definition of prior "violent felony" in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague under due process principles).  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On November 9, 2015, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report") outlining Petitioner's claims and recommending that the Court dismiss Petitioner's § 2241 petition for lack of jurisdiction.  Specifically, the Magistrate Judge noted that a petitioner cannot challenge his federal conviction and sentence pursuant to § 2241 unless he can satisfy the savings clause set forth in 28 U.S.C. § 2255, which allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1]  The Fourth Circuit

---

[1] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

Court of Appeals has indicated that a § 2255 motion is "inadequate or ineffective" when the following three criteria are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). If a federal prisoner files a § 2241 petition that does not fall within the "savings clause," then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Here, the Magistrate Judge determined that Petitioner failed to satisfy the savings clause. When the Magistrate Judge filed her Report, the Supreme Court's decision in *Johnson* had not yet been made retroactive to cases on collateral review; however, in *Welch v. United States*, the Supreme Court held that *Johnson* did announce a substantive rule that applied retroactively on collateral review. 136 S. Ct. 1257 (2016). Because it is clear that *Johnson* announced a new rule of constitutional law, the Court agrees with the Magistrate Judge that Petitioner has failed to satisfy the savings clause, as it does not appear that § 2255 is "inadequate or ineffective" to test the legality of Petitioner's detention. *See Allah v. Warden of Estill*, 2016 WL 4111378 (May 9, 2016) (finding that the court lacked jurisdiction to consider a § 2241 petition for relief pursuant to *Johnson* and noting that the petitioner could seek permission to file a successive § 2255 petition with the

---

> such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

sentencing court); *White v. Werlich*, No. 16-300, 2016 WL 1583936 (S.D. Ill. April 20, 2016) ("[B]ecause *Johnson* announced a new rule of constitutional law, the holding of *Johnson* cannot be the basis for a § 2241 petition," but *Johnson* "may present grounds for filing a second or successive § 2255 motion," which would require permission from the appropriate court of appeals). In fact, when the Magistrate Judge issued her Report, Petitioner actually had a § 2255 motion pending in the Middle District of North Carolina, where Petitioner was convicted and sentenced. More importantly perhaps, a review of the docket in Petitioner's criminal case indicates that on August 12, 2016, the Honorable Thomas D. Schroeder granted Petitioner's § 2255 motion pursuant to *Johnson* and resentenced Petitioner on October 7, 2016. *See United States v. McDougald*, Criminal No. 1:07-110-TDS-1 (M.D.N.C.), ECF Nos. 63, 64, 69, and 74. Thus, it appears that Petitioner has already received the relief he requests in the instant § 2241 petition.

Based on the foregoing, the Court agrees with the Magistrate Judge that Petitioner's § 2241 petition does not fall within the savings clause and must be dismissed for lack of jurisdiction. In any event, the Court also notes that Petitioner has already received the relief he requests, thereby rendering this action moot. For these reasons, the Court adopts the Magistrate Judge's Report (ECF No. 8), overrules Petitioner's objections (ECF No. 13), and dismisses this action for lack of jurisdiction.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 14, 2016
Charleston, South Carolina

3

## **CERTIFICATE OF APPEALABILITY**

The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability.  See, e.g., Garvin v. Wright, 583 F. App'x 287, 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)).  The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that Petitioner has failed to make the requisite showing for the issuance of a certificate of appealability.  Therefore, the Court denies a certificate of appealability.